**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| ROBERT LONG, individually and on behalf of all others similarly situated, | |
|      Plaintiff, | Civil Action No. 3:23-cv-435(RCY) |
| v. | |
| KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V., | |
|      Defendant. | |

## <u>DEFENDANT KLM'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS</u>

Benjamin S. Boyd, VSB No. 28427
DLA Piper LLP (US)
500 8th Street NW
Washington, DC 20004
Tel.: (202) 799-4502
Fax: (202) 799-5502
benjamin.boyd@dlapiper.com

Keara M. Gordon (*Of Counsel*)
Colleen Carey Gulliver (*Of Counsel*)
Haley D. Torrey (*Of Counsel*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501
keara.gordon@dlapiper.com
colleen.gulliver@dlapiper.com
haley.torrey@us.dlapiper.com

*Attorneys for Defendant Koninklijke Luchtvaart Maatschappij, N.V.*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

  A.  Mr. Long Abandoned His Claims. ............................................................................ 2

  B.  The ADA Preempts Mr. Long's Claims. .................................................................. 3

      1.  The Complaint Squarely Attacks KLM's Services and Prices. ..................................... 3

      2.  The Breach of Contract Claim Does Not Fit Within the Narrow Wolens Exception... 5

  C.  The Breach of Contact Claim Fails. ......................................................................... 7

      1.  The Plaintiff Still Has Not Identified the Contract He Claims Was Breached. ............ 7

      2.  The Contract Claim Fails Because the COC Does Not Promise Anything Related to the Paris Agreement or KLM's Environmental Initiatives. ......................................... 8

  D.  The VCPA Claim Fails. ........................................................................................... 9

      1.  The VCPA Claim Does Not Comply with Rule 9(b). .................................................. 9

      2.  The VCPA Claim Fails Because KLM's Statements Were Not Misleading.............. 10

CONCLUSION ................................................................................................................... 14

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Air Evac EMS, Inc. v. Cheatham*,
  2017 WL 4765966 (S.D. W. Va. Oct. 20, 2017), *aff'd*, 910 F.3d 751 (4th Cir.
  2018) ...............................................................................................................................4, 5

*American Airlines, Inc. v. Wolens*,
  513 U.S. 219 (1995)........................................................................................... *passim*

*Chamblee v. Old Dominio Sec. Co., LLC*,
  2014 WL 1415095 (E.D. Va. Apr. 11, 2014) ..........................................................2

*Compel v. Citi Mortg. Inc.*,
  2005 WL 4904816 (E.D. Va. Feb. 23, 2005)...........................................................7

*Continental Airlines, Inc., v. United Airlines, Inc.*,
  120 F. Supp. 2d 556 (E.D. Va. 2000) ......................................................................4

*Dorris v. Danone Waters of Am.*,
  2024 WL 112843 (S.D.N.Y. Jan. 10, 2024) ..........................................................12

*Dwoskin v. Bank of America, N.A.*
  850 F. Supp. 2d 557, 563 (D. Md. 2012) .................................................................5

*Gentry v. Hyundai Motor America, Inc.*,
  2017 WL 354251 (W.D. Va. Jan. 23, 2017) ............................................................9

*Graves v. Lioi*,
  930 F.3d 307, 317 (4th Cir. 2019) .........................................................................10

*Gurwell v. Sea World Parks & Ent. LLC*,
  2021 WL 4168503 (W.D. Va. Aug. 11, 2021) .........................................................9

*Hundley v. Air Evac EMS, Inc.*
  2019 WL 1428691, at *5 (S.D. W. Va. Mar. 29, 2019)............................................6

*In re GNC Corp.*,
  789 F.3d 505, 514, 518 (4th Cir. 2015) .................................................................14

*Intercarrier Communications, LLC v. Kik Interactive, Inc.*
  2013 WL 4061259 (E.D. Va. Aug. 9, 2013)............................................................2

*Lavine v. Am. Airlines, Inc.*,
  2011 WL 13377948 (Ct. Sp. App. Md. Dec. 1, 2011)..............................................4

*Marcotte v. Virginia Beach City Pub. Schools*,
   2018 WL 11509748 (E.D. Va. Aug. 24, 2018)..................................................2

*Mattison v. U.S.*,
   2021 WL 3861597 (E.D. Va. Aug. 30, 2021).................................................11

*McElvy v. Nationstar Mortgage, LLC*,
   2013 WL 12146733 (E.D. Va. Apr. 29, 2013) ................................................5

*Mills v. Wexford Health Sources, Inc.*,
   2022 WL 741059 (S.D.W. Va. Jan 21, 2022)................................................10

*Morales v. Trans World Airs., Inc.*,
   504 U.S. 374 (1992)......................................................................................4, 5

*NAC Consulting, LLC v. 3Advance, LLC*,
   650 F. Supp. 3d 441 (E.D. Va. 2023) ...........................................................8

*Nigh v. Koons Buick Pontiac GMC, Inc.*,
   143 F. Supp. 2d 535, 553 (E.D. Va. 2001) ..................................................10

*Pohl v. MH Sub I, LLC*,
   332 F.R.D. 713 (N.D. Fla. 2019) ..................................................................11

*Precision Pipeline, LLC v. Dominion Transmission, LLC*,
   2017 WL 1100903 (E.D. Va. Mar. 23, 2017) ................................................8

*Smith v. Comair, Inc.*
   134 F.3d 254, 259 (4th Cir. 1998) ................................................................4

*Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*,
   713 F.3d 175 (4th Cir. 2013) ....................................................................5, 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)......................................................................................11

*Tessler v. NBC Universal, Inc.*,
   2009 WL 866834 (E.D. Va. Mar. 31, 2009) ..................................................7

*Travelers Indemnity Co. of Conn. V. Lessard Design, Inc.*,
   321 F. Supp. 631 (E.D. Va. 2018) ...........................................................5, 12

*U.S. ex rel. Lambert v. Elliott Contracting Inc.*,
   2015 WL 1097381, at *5–7 (S.D.W. Va. Mar. 11, 2015)..............................10

*Weakley v. Homeland Security Solutions, Inc.*,
   2015 WL 11112158, at *5 (E.D. Va. May 19, 2015) ..................................5, 6

*White v. National Steel Corp.*,
  742 F. Supp. 312, 331 (N.D. W. Va. 1989) ...................................................................6

**Statutes & Regulations**

18 U.S.C. § 260.4(b) ...................................................................12

49 U.S.C. § 4713 ...................................................................1

Va. Code Ann. § 59.1–196 et seq. ...................................................................10

16 C.F.R. § 260.1(a) ...................................................................12

85 F.R. 78707–01 ...................................................................12

**Rules**

Fed. R. Civ. P. 8(a)(2) ...................................................................10

Fed. R. Civ. P. 9(b) ................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ...................................................................11

# INTRODUCTION

Mr. Long claims that Koninklijke Luchtvaart Maatschappij, N.V. ("KLM") broke promises made to him because KLM, allegedly, has not yet met certain environmental goals that it hopes to achieve years in the future. In its opening brief ("Br."), KLM established that this Court should dismiss the Complaint in its entirety. Plaintiff Robert Long's Opposition ("Opp.") does not establish otherwise. Instead, he withdrew two of his claims[1] and essentially abandoned the rest, since he chose not to respond to at least one argument KLM raised as a basis for dismissal of each claim. He also ignored the vast majority of the case law KLM cited in support of dismissal, addressed arguments that KLM did not make,[2] and disclaimed his reliance on the very statements regarding KLM's environmental initiatives that he cited in his Complaint.

Even if Mr. Long had not abandoned his claims (which he has), they fail. The arguments attempted in the Opposition are unavailing as they are premised on allegations that are not alleged in his Complaint and are foreclosed by clear, on-point authority. Both Mr. Long's Virginia Consumer Protection Act ("VCPA") claim and breach of contract claim must be dismissed for several reasons.

First, the Airline Deregulation Act of 1978, 49 U.S.C. § 4713 ("ADA") preempts both claims, as they clearly relate to KLM's prices and services. While the Opposition seeks to exploit the very narrow exception to preemption stated in *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995) ("the *Wolens* exception"), the Complaint does not allege a voluntary undertaking by KLM, and the plaintiff cannot amend his Complaint in his reply by arguing that he purchased sustainable

---

[1]     The plaintiff "withdr[ew] his claim for unjust enrichment and request for injunctive relief." Opp. at 1, n.1.
[2]     The plaintiff argues why he has Article III standing to bring his claims, yet KLM did not move to dismiss on this basis. *Compare* Br. *generally with* Opp. at 11.

aviation fuel ("SAF").   (Section B.)

Even if Mr. Long had not abandoned his claims and they were not preempted, both his breach of contract and VCPA claims fail to state a claim.  The breach of contract claim fails because (1) he has not attached or expressly referenced the contract at issue, and (2) it is governed by KLM's General Conditions of Carriage ("COC"), which Mr. Long admits does not make any promises related to KLM's environmental initiatives.  (Section C.)

Finally, the VCPA claim fails because (1) his allegations fail to meet the heightened particularity requirements of Federal Rule of Civil Procedure 9(b) and (2) KLM did not make any false or misleading statement.  In his Opposition, Mr. Long only points back to his conclusory allegations, failing to identify with any specificity the statements that were allegedly misleading, or the time or place he was allegedly exposed to such statements, requiring the claim's dismissal. (Section D.)

 Mr. Long's remaining claims should be dismissed with prejudice.

## ARGUMENT

### A.    Mr. Long Abandoned His Claims.

It is well-settled that where the plaintiff "has not responded to [an] argument, it is proper for this Court to treat such argument as conceded and to find that [such] claims are abandoned." *Marcotte v. Virginia Beach City Pub. Schools*, 2018 WL 11509748, at *6 (E.D. Va. Aug. 24, 2018); *Intercarrier Communications, LLC v. Kik Interactive, Inc.* 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) (the plaintiff "d[id] not respond to this argument in its opposition memorandum, effectively conceding" it); *Chamblee v. Old Dominio Sec. Co., LLC*, 2014 WL 1415095, at *8 (E.D. Va. Apr. 11, 2014) (holding claims abandoned and collecting cases).

Here, Mr. Long ignores at least one of KLM's dismissal arguments for both of his

remaining claims as well as his requests for relief beyond compensatory damages.  Specifically, the Opposition ignores that:

- The VCPA claim fails because: (1) airline tickets are not goods or services under the statute (*see* Br. at 26–27); (2) an alleged contractual breach does not constitute consumer fraud (*see id.* at 20–21); and (3) the plaintiff did not adequately allege any reliance on KLM's statements regarding its climate initiatives or that such reliance was justified (*see id.* at 27–28);[3]

- The breach of contract claim fails because: (1) it is based on aspirational statements and puffery that cannot support a contract claim (*see id.* at 15–17); (2) KLM's environmental goals do not create enforceable contractual obligations (*see id.* at 14–15); and (3) his claims of anticipatory breach fail as a matter of law (*see id.* at 17–19);

- The ADA preempts punitive damages (*see id.* at 11–12); and

- The COC bars any relief beyond compensatory damages (*see id.* at 29–30).

Because these arguments independently doom the plaintiff's claims or requests for relief, no further analysis is needed, and this Court should dismiss the Complaint in its entirety and with prejudice.

## B.    <u>The ADA Preempts Mr. Long's Claims.</u>

Even if the plaintiff had not abandoned his claims (and he has), as KLM demonstrated in its Motion, the claims are preempted.  *See* Br. at 7–12.  In response, the plaintiff argues: (1) that his claims are not preempted because they do not relate to prices, routes, or services (Opp. at 5), and (2) his breach of contract claim is not preempted because it falls within the narrow *Wolens* exception (*id.* at 10–11).  Both are incorrect.

### 1.    **The Complaint Squarely Attacks KLM's Services and Prices.**

Mr. Long's claims are preempted because they relate both to KLM's services and its prices.

---

[3]    In fact, the plaintiff concedes that he "did not allege he relied on" KLM's "webpages" that the Complaint expressly referenced, including its webpages regarding reforestation, its Climate Action Plan, and its Climate Policy.  *See* Opp. at 4.

The Supreme Court has made clear that courts must broadly construe the "relating to" language in the ADA's preemption provision because the statute has a "broad pre-emptive purpose." *Air Evac EMS, Inc. v. Cheatham*, 2017 WL 4765966, at *6 (S.D. W. Va. Oct. 20, 2017), *aff'd*, 910 F.3d 751 (4th Cir. 2018) (citing *Morales v. Trans World Airs., Inc.*, 504 U.S. 374, 383 (1992)).

First, it cannot be seriously questioned that KLM's efforts to make flying—which is the very service it provides to customers—more sustainable relate to the services KLM provides. As the plaintiff's own cited authority explains, "the United States Court of Appeals for the Fourth Circuit … ha[s] adopted an expansive and pro-preemption reading of 'service.'" (*See* Opp. at 5 (citing *Lavine v. Am. Airlines, Inc.*, 2011 WL 13377948, at *8 (Ct. Sp. App. Md. Dec. 1, 2011)).

In *Smith v. Comair, Inc.*, the Fourth Circuit confirmed that "[u]ndoubtedly, boarding procedures are a service rendered by an airline." 134 F.3d 254, 259 (4th Cir. 1998). Relying on *Smith*, a Virginia district court held that an airline's "carry-on baggage policy" is also a service. *Continental Airlines, Inc., v. United Airlines, Inc.*, 120 F. Supp. 2d 556, 571 (E.D. Va. 2000). Here, the plaintiff concedes that SAF and carbon offsets are "add-on[s]" customers could purchase along with their flight. (Opp. at 10). As the plaintiff's claim challenges KLM's efforts to make its core service of flying passengers more sustainable, the claims clearly relate to an airline's services and are preempted.

The plaintiff's claims also relate to KLM's prices. "The text of the ADA defines 'price' broadly to include any 'rate, fare or charge.'" *Cheatham*, 910 F.3d at 767 (quoting 49 U.S.C. § 40102(a)(39)). "This provision clearly covers more than just a state's attempt to regulate the price of a ticket. It is enough that the state law at issue has a 'forbidden significant effect' on prices." *Id.* As the Fourth Circuit explained, "[c]onsistent with the ADA's text on this point, the Supreme Court has found the requisite connection to price in cases involving … advertisements for airlines

fares."[4]  *Id.*

Such is the case here.  While the plaintiff argues that his claims do not relate to KLM's prices, he admits his alleged injury is that he "*paid more* for his flight on KLM than he would have paid."  (*See* Opp. at 11 (emphasis added)).  Similarly, his Complaint repeatedly references having "paid more" and "spent more money" by flying on KLM.  (*See, e.g.*, Compl., ¶¶ 56, 76.)  Thus, the ADA preempts the plaintiff's claims as they relate to both services and prices.[5]

### 2.    The Breach of Contract Claim Does Not Fit Within the Narrow *Wolens* Exception.

The plaintiff's attempt to appeal to the narrow exception in *Wolens* for his breach of contract claim fails because he does not allege that his claim is based on a voluntary undertaking by KLM.  "It is well-established that parties cannot amend their complaints through briefing or oral advocacy."  *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013); *see also Travelers Indemnity Co. of Conn. v. Lessard Design, Inc.*, 321 F. Supp. 631, 639 (E.D. Va. 2018) (granting motion to dismiss for breach of contract claim because plaintiff's theory was raised "for the first time in its opposition to [defendant's] motion to dismiss, and because parties cannot amend their complaints through their oppositions"); *McElvy v. Nationstar Mortgage, LLC*, 2013 WL 12146733, at *2 (E.D. Va. Apr. 29, 2013) ("[A] litigant may not modify a Complaint through briefing on a Motion to Dismiss.").  In *Weakley v. Homeland Security Solutions, Inc.*, for example, this Court granted the

---

[4]    The plaintiff's reliance on both *Cheatham* and *Morales* (*see* Opp. at 6) is misplaced; in both cases, the courts found the claims were preempted as they related to an airline's prices.  *See Cheatham*, 910 F.3d at 767–68 & n.2; *Morales*, 504 U.S. at 387–91.

[5]    The plaintiff's reliance on *Dwoskin v. Bank of America, N.A.*, is unavailing as it does not address ADA preemption, but rather concerns preemption under an entirely different federal statute, the federal Homeowners Protection Act of 1998.  *See* 850 F. Supp. 2d 557, 563 (D. Md. 2012).

defendant's motion to dismiss and refused to consider "new allegations" and documentation to resolve the defendant's motion to dismiss because "to hold otherwise would mean that a party could unilaterally amend a complaint at will…by raising a point in a brief."  2015 WL 11112158, at *5 (E.D. Va. May 19, 2015) (Young, J.).

The same result is compelled here.  Mr. Long argues for the first time in his Opposition that his breach of contract claim is for the purported "payment of *extra money* for sustainable fuel" and thus is not preempted (*see* Opp. at 11 (emphasis added)), but his Complaint is devoid of *any* allegations surrounding the purported purchase of his ticket, let alone an allegation that the plaintiff paid money to purchase SAF in addition to his ticket.  (*See generally* Compl.)  Instead, the Complaint merely states that the plaintiff "flew KLM from Amsterdam to Las Vegas in the summer of 2022" (Compl., ¶ 53) and "paid for a *flight* on KLM." (*Id.* at ¶ 73 (emphasis added).)  Thus, the plaintiff's breach of contract claim as pled does not involve a voluntary undertaking by KLM and does not fall within the *Wolens* exception.

The plaintiff's reliance on *White v. National Steel Corp.*, is perplexing as that case had nothing to do with ADA preemption, let alone the *Wolens* exception.  *See* 742 F. Supp. 312, 331 (N.D. W. Va. 1989).  Rather, it involved a suit by former employees for certain job-related promises.  It is unclear why the plaintiff even cites to this case other than to quote nine words ("the existence of [this] contract is a question of fact") from a thirty-page opinion completely out of context.  (*See* Opp. at 11.)  And, while *Hundley v. Air Evac EMS, Inc.*, does at least reference the *Wolens* exception, it also does not support the plaintiff's claims; the Court there "defer[red] consideration of the preemption issue" because it first needed to determine whether the party was an insurer subject to the McCarran-Ferguson Act, which is not at issue here.  2019 WL 1428691, at *5 (S.D. W. Va. Mar. 29, 2019).  Thus, both claims are preempted by the ADA.

6

C.      **The Breach of Contact Claim Fails**.

As noted, the plaintiff conceded three of the arguments that KLM raised for dismissal of the breach of contract claim, which independently warrants dismissal of the claim. The arguments the Opposition did make—that the plaintiff properly pled the contract at issue and that there was mutuality of engagement between the parties (*see* Opp. at 10)—fail because neither is true.

1.      **The Plaintiff Still Has Not Identified the Contract He Claims Was Breached.**

Mr. Long does not contest that it is well-established that to state a breach of contract claim, "[t]he complaint **must** set forth the provisions of the contract and the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." *Tessler v. NBC Universal, Inc.*, 2009 WL 866834, at *6 (E.D. Va. Mar. 31, 2009) (emphasis added) (dismissing contract claim). The plaintiff attempts to argue that his admitted failure to comply with this requirement is somehow not fatal, claiming that KLM's argument "is insufficient on a pleading stage motion for several reasons." (Opp. at 9.) But the plaintiff does not identify any of those reasons, much less any authority supporting his argument. Instead, Mr. Long argues that the terms at issue are "Defendant's representations that it was acting in accordance to reach the goals of the Paris Agreement and preventing climate change to exceed 1.5 degrees Celsius by 2050." (Opp. at 9 (quoting Compl. ¶ 74)). What remains absent, however, is any identification of "which provisions [of the contract] imposed the purportedly breached obligation." *Compel v. Citi Mortg. Inc.*, 2005 WL 4904816, at *2 (E.D. Va. Feb. 23, 2005) (dismissing contract claim).

Here, the Complaint paragraph Mr. Long quotes is an unsupported conclusory statement that KLM made general representations about reaching the goals of the Paris Agreement untethered to any contractual document or promise. (*See* Compl. ¶ 74.) The plaintiff concedes that the contract cannot be KLM's website, as he admits that he "did not allege that he relied on"

KLM's "webpages" referenced in the Complaint, including the website pages referencing the Paris Agreement.  (*See* Opp. at 4.)  Thus, Mr. Long's breach of contract claim fails.

### 2.    The Contract Claim Fails Because the COC Does Not Promise Anything Related to the Paris Agreement or KLM's Environmental Initiatives.

The breach of contract claim also fails as a matter of law for two additional reasons.  First, the only contract that the plaintiff alleges he entered into with KLM was KLM's COC, which governs all flights on KLM. (*See* Compl. ¶ 73 (alleging he "paid for a flight on KLM.")) The plaintiff admits that the "COC does not make any reference to [ ] the Paris Agreement or KLM's sustainability initiatives."[6]  (Opp. at 10.)  This concession dooms his breach of contract claim.

In his Opposition, however, Mr. Long now argues that he "pa[id] … money" for SAF and SAF is "outside the traditional terms" of the COC. (*See id.*).  But Mr. Long's Complaint does not actually allege he purchased SAF, and as the Fourth Circuit and this Court hold, he cannot amend his Complaint through his Opposition.  *Southern Walk at Broadlands Homeowner's Ass'n, Inc.*, 713 F.3d at 185 (affirming dismissal without prejudice).

Second, for these same reasons, there was no mutuality of engagement.  While the plaintiff now argues that mutuality of engagement exists due to his purported "payment of money for this add-on" of SAF, his Complaint is devoid of any such allegations.  (Opp. at 10.)  Thus, the breach of contract claim must be dismissed.

---

[6]    The plaintiff also argues that the Court must convert KLM's motion to a motion for summary judgment to consider the COC.  (Opp. at 3-4.)  His argument is incorrect.  Courts routinely hold that the contract alleged to have been breached is "integral" to the claim and properly the subject of judicial notice.  *See, e.g.*, *NAC Consulting, LLC v. 3Advance, LLC*, 650 F. Supp. 3d 441, 446 (E.D. Va. 2023) (holding that "a court can properly consider a contract in evaluating a motion to dismiss a contract dispute"); *Precision Pipeline, LLC v. Dominion Transmission, LLC*, 2017 WL 1100903, at *1 n.1 (E.D. Va. Mar. 23, 2017) (same).

**D.    <u>The VCPA Claim Fails</u>.**

As KLM has demonstrated, Mr. Long abandoned his VCPA claim and the ADA preempts it.  Mr. Long's VCPA claim also fails as a matter of law because: (1) it does not comply with Rule 9(b)'s particularity requirement; and (2) KLM's statements were not false or misleading.

**1.    The VCPA Claim Does Not Comply with Rule 9(b).**

As KLM demonstrated in its Motion, the VCPA claim must also be dismissed because Mr. Long did not plead it with the required particularity.  In his Opposition, the plaintiff concedes that the heightened particularity requirements of Federal Rule of Civil Procedure 9(b) apply.  (*See* Opp. at 7); *see also Gentry v. Hyundai Motor America, Inc.*, 2017 WL 354251, at *7 (W.D. Va. Jan. 23, 2017 (collecting cases applying 9(b) standards to VCPA claims)).  The plaintiff, however, argues that he met this standard through entirely conclusory statements that prove that he does not.  For example, when pressed to identify the specific statements he claims are fraudulent or misleading, the plaintiff now says that the "what" of his fraud claim was KLM's general "Fly Responsibly" slogan that is, in the plaintiff's mind, "partly due to its use of sustainable fuels."  (Opp. at 7.)  Similarly, the plaintiff argues he pled the "how" by stating that KLM "was misleading consumers by failing to keep its 'promise to meet environmental goals'' (*id.*), without detailed allegations as to how KLM purportedly did not keep its promise.  Even the plaintiff's "where" and "when" are generic, just that Mr. Long "booked a flight on KLM, including in the summer of 2002."  (*Id.*)

As KLM's case law cited in its Motion demonstrated, courts have roundly rejected such "broad, generic references to unspecified advertisements" that the plaintiff "was vaguely aware of at some undisclosed time."  *Gentry*, 2017 WL 345251, at *7 (dismissing VCPA claim); *see also Gurwell v. Sea World Parks & Ent. LLC*, 2021 WL 4168503, at *8 (W.D. Va. Aug. 11, 2021) (dismissing claim).  Moreover, while the plaintiff contends he is only required to provide a "short

and plain statement," (Opp. at 7), that is Rule 8's standard, not Rule 9(b)'s standard, as evidenced by the authority the plaintiff cites in support. *See* (Opp. at 7 (citing *Mills v. Wexford Health Sources, Inc.*, 2022 WL 741059, at *3 (S.D.W. Va. Jan 21, 2022) (quoting Fed. R. Civ. P. 8(a)(2))).)

The scant case law the plaintiff offers in his Opposition does not support his argument that conclusory allegations of fraud can survive dismissal. The citation to *U.S. ex rel. Lambert v. Elliott Contracting Inc.*, for example, supports dismissal here because the Court there *dismissed* the plaintiffs' fraud-based claims because they lacked the "necessary specificity" and Rule 9(b) was designed to avoid a "fishing expedition." *See* 2015 WL 1097381, at *5–7 (S.D.W. Va. Mar. 11, 2015). The plaintiff's remaining cases are equally unhelpful to him. *Nigh v. Koons Buick Pontiac GMC, Inc.* was a decision on summary judgment not applying Rule 9(b)'s pleading standard, and it granted summary judgment in favor of the defendant on a VCPA claim because the statements at issue were not misrepresentations, nor made with intent to deceive. 143 F. Supp. 2d 535, 553 (E.D. Va. 2001). Finally, *Graves v. Lioi* was also a decision on summary judgment and did not involve allegations of fraud. *See* 930 F.3d 307, 317 (4th Cir. 2019). Therefore, the VCPA claim does not comport with Rule 9(b) and must be dismissed.

## 2.    The VCPA Claim Fails Because KLM's Statements Were Not Misleading.

The VCPA claim also fails because KLM's statements were not false or misleading. *See, e.g.*, Va. Code Ann. § 59.1–196 et seq. (requiring a false representation). Mr. Long does not address this argument directly, thus impliedly conceding that the statements were truthful. He nevertheless seeks to avoid dismissal by arguing that: (1) the Court cannot take judicial notice of the website statements he expressly referenced in his Complaint; (2) KLM made an "unqualified environmental claim" and engaged in "greenwashing"; and (3) the SAF statements are misleading

because it has a "negligible effect" on flying.  (*See* Opp. at 8–9).  Not so.

First, the Court may properly consider the website statements the Complaint expressly references without converting the motion to one for summary judgment.  On a Rule 12(b)(6) motion, courts may consider documents that are "integral to and explicitly relied on in the operative complaint…."  *Mattison v. U.S.*, 2021 WL 3861597, at *7 (E.D. Va. Aug. 30, 2021) (Young, J.) (quotations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  In an effort to avoid judicial notice of KLM's website statements, the plaintiff now contends that he did not "rely" on the very statements that he attacks as fraudulent statements and/or contractual promises (which defeats his claims).  But whether he relied on them or not is irrelevant to the question of whether the Court may take judicial notice of them.  It can.  As noted, for this purchase, the Court can consider the statements if they are "relied on in the operative complaint."  *Mattison*, 2021 WL 3861597, at *7.  Quite plainly, Mr. Long's Complaint is premised on KLM's website statements; it even includes a depiction of a KLM webpage.  (*See* Compl., ¶ 16; *see also id.* ¶¶ 17, 20-21, 24, 28-33, 74-75.)  This Court can rely on them on this motion.

The fact that these statements come from a public archive of historical webpages does not change this conclusion, as courts around the country have widely accepted and considered Wayback Machine images.  As one court found, "[n]umerous courts, including our sister courts, have taken judicial notice of webpages available through the WayBack Machine."  *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (collecting cases federal district courts).

Second, for the first time in his Opposition, Mr. Long argues that KLM made an "unqualified general environmental benefit claim[]" under the Green Guides and engaged in "greenwashing."  (*See* Opp. at 8).  The Complaint, however, does not mention the Green Guides, an unqualified general benefit claim, or greenwashing.  (*See generally* Compl.)  As established

previously, the plaintiff cannot raise new allegations and a new theory to attempt to avoid dismissal on a motion to dismiss. *See, e.g.*, *Travelers Indemnity Co. of Conn.*, 321 F. Supp. at 639 (granting motion to dismiss because plaintiff's theory was raised "for the first time in its opposition to [defendant's] motion to dismiss, and because parties cannot amend their complaints through their oppositions").

In any event, the plaintiff's appeal to the FTC's "Green Guides" does not save his claims. (*See* Opp. at 8) (citing 18 U.S.C. § 260.4(b)). Those guidelines do not apply to airlines. As the Department of Transportation has explained, "while Section 5 [of the FTC Act] vest the FTC with broad authority to prohibit unfair or deceptive practices in most industries, Congress granted the Department the exclusive authority to prohibit unfair or deceptive practices of air carriers and foreign air carriers." 85 F.R. 78707–01.

Moreover, the Green Guides do not create legal obligations or any private right of action. *See* 16 C.F.R. § 260.1(a) ("The guides help marketers avoid making environmental marketing claims that are unfair or deceptive under…the FTC Act…They do not confer rights on any person and do not operate to bind the FTC or the public."). Nor does anything in the Green Guides render KLM's true statements actionable under the VCPA.[7]

Finally, the plaintiff now appears to cabin the statements he is challenging to: (1) KLM's general slogan to "Fly Responsibly" that is, in the plaintiff's mind, "partly due to its use of

---

[7]    *Dorris v. Danone Waters of Am.*, 2024 WL 112843, at *1 (S.D.N.Y. Jan. 10, 2024) is distinguishable. As an initial matter, the quoted portion the plaintiff here relies on comes from the Court's description of the allegations in *Dorris*, but, as discussed above, the plaintiff here did not make any such allegations in his Complaint. Moreover, *Dorris* was decided under the laws of other states (not Virginia) and concerned a consumer protection claim related to an explicit "carbon neutral" statement on a product. *See id.* That is not the case here, as KLM specifically advised customers that its flights still produce carbon emissions even if a customer purchases carbon offsets or SAF (which the plaintiff does not allege he did). (*See* Br. at 23–25.)

sustainable fuels," and (2) its statement regarding the company's "commit[ment] to the targets defined in the Paris Climate Agreement." (*See* Opp. at 7–9.) He asserts that the statements are false and misleading because SAF allegedly has a negligible effect on reducing emissions. (*Id.*) But, as explained in KLM's Brief, KLM makes clear SAF's role and its limitations, explaining that while "[SAF] is a cleaner substitute for fossil kerosene" (Br., Ex. 4), SAF currently comprises less than one percent of KLM's fuel usage. (*Id.*) KLM states that "[a]lthough the volume of SAF is small…, it is an essential factor in achieving the global climate targets" and it is expensive. (*Id.*) When explaining "why doesn't KLM simply switch to SAF?", KLM states, "Unfortunately, it's not that easy.… There is very little production capacity available in the world." (Br., Ex. 6.)

KLM also previously explained that the plaintiff's allegations are simply a disagreement over the effectiveness of KLM's articulated efforts: [8]

| Topic | Alleged Issue/Misstatement | What KLM Actually Said |
|-------|---------------------------|------------------------|
| SAF | "[KLM's] focus on SAFs is misleading because this has a negligible effect on reducing $CO_2$ emissions from flying" and that the "percentage of SAF used by KLM is 0.18% of their total fuel usage." (Compl. ¶¶ 30-31.) | KLM does not pretend that use of SAF solves the world's environmental problems, and clearly discloses its limited usage:<br><br>"There is very little production capacity available in the world" (Ex. 6);<br><br>"SAF is at least 2 to 3 times more expensive than regular kerosene, [b]ecause of the high prices, very few airlines are willing and able to buy SAF, [a]nd because there is so little demand, production capacity doesn't scale up." (*id.*); and<br><br>"In 2019 (pre-Covid), SAF accounted for |

---

[8]    The plaintiff misleadingly cites to KLM's brief as asserting that KLM told customers that "[flying] has no negative environmental impact." (Opp. at 8 quoting Br. at 33-34 [of 41]). But KLM never told customers that, nor did KLM say that in its brief. To the contrary, as KLM explained in its brief, KLM advised customers that "travelling leaves a carbon footprint," and that its reforestation programme does "not effect the direct emissions of the flight." (*See* Br. 23–25 [pages 32-34 of 41].)

| | | 0.18% of KLM's total fuel use." (Ex. 4.) |
|---|---|---|

While the plaintiff cites the Fourth Circuit's ruling *In re GNC Corp.* (Opp. at 8), for the general statement that each state's consumer protection act has a standard for whether true statements can be "misleading," the plaintiff makes no showing that KLM's true statements are misleading under the VCPA. *See* 789 F.3d 505, 514, 518 (4th Cir. 2015) (affirming dismissal of state consumer protection claims for failure to plead falsity).

Ultimately, Mr. Long failed meaningfully to engage in KLM's arguments for dismissal that criticisms of the nature and effectiveness of its accurately stated initiatives do not state claims, nor did he refute KLM's demonstration that its statements regarding its ambitions to meet the Paris Agreement's goals are aspirational, and to state a VCPA claim, the alleged deception "must be of existing fact, not merely … [a] statement to future events." (Br. at 25 (quoting *Kerlavage v. Am.'s Home Place, Inc.*, 101 Va. Cir. 301, *on reconsideration,* 104 Va. Cir. 80 (2019) (dismissing claim)). Respectfully, the Court should dismiss this claim.

## **CONCLUSION**

In his Opposition, Mr. Long abandoned claims, ignored arguments and conceded others, and improperly attempted to rewrite his Complaint. KLM respectfully requests that this Court dismiss the Complaint in its entirety with prejudice.

Dated: March 15, 2024

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Benjamin Boyd*
Benjamin S. Boyd, VSB No. 28427
500 8th Street NW
Washington, DC 20004
Tel.: (202) 799-4502
Fax: (202) 799-5502
benjamin.boyd@dlapiper.com

Keara M. Gordon (*Of counsel*)

14

Colleen Carey Gulliver (*Of counsel*)
Haley D. Torrey (*Of counsel*)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501
keara.gordon@dlapiper.com
colleen.gulliver@dlapiper.com
haley.torrey@us.dlapiper.com

*Attorneys for Defendant Koninklijke Luchtvaart Maatschappij, N.V.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 15, 2024, the foregoing Defendant KLM's Reply

Brief in support of Motion to Dismiss the Complaint was electronically filed with the Clerk of the

Court using the CM/ECF system and thereby served on the following counsel:

Courtney Weiner
Law Office of Courtney Weiner PLLC
1629 K St., NW Suite 300
Washington, D.C. 20006
cw@courtneyweinerlaw.com

Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck, NY 11021
spencer@spencersheehan.com

*Counsel for Plaintiff*

Dated: March 15, 2024

*/s/ Benjamin S. Boyd*
Benjamin S. Boyd